By the Court, Beardsley, J.
According to the certificate made by the partners, William Argali contributed two thousand dollars and no more, but in one of the notices required to be published, and which was published in the Evening Post, it was stated that he had contributed jive thousand dollars as such partner. This mistake in the notice, for it was a mere mistake, is relied upon as decisive evidence to charge William as a general partner, and that is the point to be determined.
In order to form a limited partnership, with the rights and exemptions secured to that condition by the statute, a proper certificate must" be made, acknowledged, filed and recorded, as *481 the statute directs; and an affidavit that the special partner has actually paid in his capital in cash, must also be filed. (1 R. S. 765, § 8.) These acts were done in this instance, and thereby the partnership was duly formed. But the statute also provides that “ the partners shall publish the terms of the partnership, when registered, for at least six weeks immediately after such registry, in two newspapers” &e,; and it declares that “ if such publication be not made, the partnership shall be deemed general.” (Id. § 9.)
The statute authorizing limited partnerships must be substantially complied with, or those who associate under it will be liable as general partners, (Bowen v. Argall, 24 Wend. 496.) Defects of mere form may be overlooked and disregarded, but those of substance cannot,(a) The statute is rigorous in its terms, and those who claim its benefits must show a substantial conformity to its requirements.
That the amount contributed by the special partner is an essential part of the terms of the partnership, can hardly admit of a question. (1 R. S. 764, §§ 1, 2,4.) It is a vital element in determining the responsibility of the firm, and in fixing its credit. The object of the notice is publicity; that all who deal with the partnership may know the names of the persons composing it, and, so far as respects the special partners, the extent of its capital actually paid in. It is made the business and duty of the partners, and they are bound at their peril, not only to see that all the necessary papers are filed and recorded, but also that correct notices are published. (Id. §§ 6, 8,9.) In this instance, the mistake in the notice was one of substance, and could not fail to mislead those who relied upon it. “ The terms of the partnership” were not, as they should have been, truly published; and the statute declares as a consequence that “ the partnership shall be deemed general.” (§ 9.)
This is a conclusion of law which follows from the defective notice found by the jury, and the consequence is not averted by *482 their finding the additional facts that the deceased “ was not' a subscriber for the Evening Post,” and “ that no evidence was offered by or on behalf of the plaintiff to show that the intestate had ever seen or heard of the same.” These, of themselves, are wholly immáterial, and do not show, if that could be essential, that the deceased was not in fact misled by the notice. In the absence of absolute notice on the part of the deceased that the true sum was two thousand, and not five thousand dollars, his rights are to be determined by the sufficiency or insufficiency of the publication under the statute. The partners rely upon the statute for protection, and they must show a compliance with what it requires. This they nave failed to do, and the plaintiff is entitled to judgment on the verdict.
Judgment for the plaintiff.

 See The Madison County Batik v. Gould and others, (5 Hill, 309, 311 et seq.)